# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 07-3112

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the Northern |
| | * | District of Iowa. |
| Kevin Lanagan, | * | |
| | * | [UNPUBLISHED] |
| Appellant. | * | |

_____

Submitted: May 7, 2008
Filed: May 15, 2008

_____

Before MURPHY, COLLOTON, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

Kevin Lanagan challenges the 151-month prison sentence the district court[1] imposed following his guilty plea to maintaining a building for storing and distributing cocaine base, in violation of 21 U.S.C. § 856; three counts of distributing cocaine base, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C); and being a cocaine-base user in possession of firearms and ammunition, in violation of 18 U.S.C. §§ 922(g)(3) and 924(a)(2). For reversal, Lanagan argues that the district court erred in applying a dangerous-weapon enhancement under U.S.S.G. § 2D1.1(b)(1).

_____

[1]The Honorable Linda R. Reade, Chief Judge, United States District Court for the Northern District of Iowa.

After careful review, we find that the district court's application of the section 2D1.1(b)(1) enhancement is not clearly erroneous, because a shotgun and ammunition were found in the house from which Lanagan had sold cocaine and kept drug paraphernalia.  See United States v. Harris, 493 F.3d 928, 931-32 (8th Cir. 2007) (standard of review), cert. denied, 128 S. Ct. 1263 (2008); U.S.S.G. § 2D1.1(b)(1), comment. (n.3) (enhancement should be applied if weapon was present unless it is clearly improbable that weapon was connected with offense); United States v. Annis, 446 F.3d 852, 856 (8th Cir. 2006) (generally enhancement applies if gun is found in same location where drugs or drug paraphernalia were stored, or where part of conspiracy took place), cert. denied, 127 S. Ct. 3044 (2007).

Accordingly, the judgment is affirmed.

_____